# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:19-CV-61

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| APPROXIMATELY $98,130.12 IN | ) |
| U.S. CURRENCY SEIZED FROM | ) |
| RODNEY ALLISON AND LATASHA | ) |
| JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America hereby files this Complaint and alleges upon information and belief, and in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF ACTION

1. This is a civil action *in rem* for forfeiture of approximately $98,130.12 in United States Currency (the "Defendant Currency") seized from Rodney Allison and Latasha Johnson on or about September 28, 2018, during an investigation in Buncombe County, North Carolina, within the Western District of North Carolina.

1

## ADMINISTRATIVE FORFEITURE

2. The Drug Enforcement Administration ("DEA") initiated an administrative forfeiture action against the Defendant Currency. Ms. Johnson filed a claim for the Defendant Currency. The United States now files this Complaint in response to that claim.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Currency and venue is proper pursuant to:

   a. 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina; and

   b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Western District of North Carolina pursuant to 28 U.S.C. § 1395.

5. The Defendant Currency has been seized, is now within, and during the pendency of this action will remain within the Western District of North Carolina.

## THE DEFENDANT *IN REM*

6. The Defendant Currency consists of approximately $98,130.12 in United States Currency seized from Mr. Allison and Ms. Johnson on or about

September 28, 2018, at their residence located at 25 Ora Street, Asheville, NC 28801.

7. DEA took custody of the Defendant Currency, and it remains in the custody of the United States.

8. As set forth in Supplemental Rule G(3)(b)(i), the Clerk must issue a Warrant to arrest the Defendant Currency because it is already in the Government's possession, custody, or control.

## BASIS FOR FORFEITURE

9. The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

10. The facts and circumstances supporting the forfeiture of the Defendant Currency have been provided by DEA Task Force Officer Sonia Escobedo, who verifies the following facts:

11. Since August 2017, agents with the Buncombe County Anti-Crime Task Force ("BCAT") have been investigating Mr. Allison's drug trafficking organization.

12. Mr. Allison is a known drug trafficker from Atlanta, Georgia, who now operates in the Asheville, NC area. During the events at issue, Mr. Allison resided at 25 Ora Street in Asheville, NC.

13. During the course of this investigation, BCAT agents obtained information corroborated by numerous sources—including surveillance, confidential sources, and concerned citizens in the community—that Mr. Allison frequently exits his residence at 25 Ora Street to sell crack cocaine and methamphetamine to individuals at the nearby Bartlett Arms Apartments.

14. During this time period, Mr. Allison also maintained a residence at an apartment located at 296 Gap Creek Road in the Fairview area, which was an apartment leased by his wife, Ms. Johnson.

15. On September 27, 2018, a state search warrant was issued for the 296 Gap Creek Road apartment in Fairview. During the search, agents found, among other things, drug paraphernalia, five cell phones, Adderall pills, 32.3 grams of crack cocaine, multiple different caliber bullets, and three pistols, all of which were

4

reported stolen. The crack cocaine found in the apartment was packaged in the same way as crack cocaine sold by Mr. Allison at the Bartlett Arms Apartments.

16. On September 28, 2018, a state search warrant was issued for Mr. Allison's home at 25 Ora Street in Asheville, NC. During the search of the home, agents located, among other things: two pistols and one rifle, with one pistol reported as stolen; multiple rounds of ammunition; miscellaneous documents showing Mr. Allison's ownership of the residence; numerous cellphones; a ledger; a money counter machine; $98,130.12 in cash (the Defendant Currency); miscellaneous drug paraphernalia; 14.5 grams of marijuana; and 4.4 grams of crack cocaine found in Mr. Allison's pants pocket.

17. Below is a photograph illustrating the manner in which significant amounts of the Defendant Currency were stored in Mr. Allison's residence:

5



18. Mr. Allison and Ms. Johnson were home at the time of the search, and they were both arrested and charged.

19. Mr. Allison was charged with possession of a firearm by a felon, possession of a stolen firearm, possession with intent to sell or deliver a schedule II controlled substance, maintaining a dwelling for controlled substances, and

6

possession of marijuana. Mr. Allison is a convicted felon with an extensive criminal history. On October 1, 2018, he posted bond.

20. Ms. Johnson was charged with maintaining a dwelling for controlled substances, possession of a stolen firearm, and possession of marijuana. On September 29, 2018, she posted bond.

21. On October 11, 2018, a properly trained narcotics detection dog positively alerted to the presence of the odor of drugs on the Defendant Currency.

22. Individuals who handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance.

23. Based upon the totality of the circumstances in this case, a reasonable belief exists that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the

Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

24. The following persons may have or claim an interest in the Defendant Currency:

Rodney Dejuan Allison
25 Ora Street
Asheville, NC 28801

Latasha Shane Johnson
25 Ora Street
Asheville, NC 28801

Calvin Coleman, Esq.[1]
Coleman Law Offices, P.A.
P.O. Box 2077
211 Patton Drive
Shelby, NC 28151

Paul Edgar Wentz III[2]
19 N. Ann Street
Asheville, NC

**PRAYER FOR RELIEF**

25. All right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to

---

[1] During the administrative forfeiture process, Mr. Coleman stated that he represented Mr. Allison and Ms. Johnson.
[2] During the administrative process, Ms. Johnson indicated that Paul Wentz loaned the Defendant Currency to Mr. Allison and Ms. Johnson.

forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). Accordingly, the United States respectfully prays the Court that:

a. a warrant for the arrest of the Defendant Currency be issued;

b. due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

c. judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

d. the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 22nd day of February, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

**s/Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse

100 Otis Street
Asheville, North Carolina 28801
Tel: (828) 271-4661
Fax: (828) 271-4327
Email: Jonathan.letzring@usdoj.gov

10

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing Complaint and the factual information contained therein is true and correct to the best of my knowledge, information, and belief.

_____
Sonia Escobedo
DEA Task Force officer

Date: 2-21-2019