IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:19-cv-00061-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF DEFAULT** |
| vs. | ) | **JUDGMENT OF** |
| | ) | **FORFEITURE** |
| APPROXIMATELY $98,130.12 IN U.S. | ) | |
| CURRENCY SEIZED FROM RODNEY | ) | |
| ALLISON AND LATASHA JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment. [Doc. 17].

On February 22, 2019, the Government filed a verified Complaint for Forfeiture in Rem, alleging that the Defendant Currency seized from Rodney Allison and Latasha Johnson on or about September 28, 2018, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On February 22, 2019, the Clerk issued a Warrant of Arrest in Rem for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action

to known potential claimants. Specifically, on February 22, 2019, the Government mailed notice and a copy of the Complaint to Rodney Dejuan Allison, Latasha Shane Johnson, Paul Edgar Wentz, III, and attorney Calvin Coleman. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on February 23, 2019. [Doc. 5-1].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity other than Mr. Allison and Ms. Johnson has made a claim to the Defendant Currency. Accordingly, on May 6, 2022, the Government filed a motion for entry of default, [Doc. 15], and on May 9, 2022, the Clerk entered default. [Doc. 16].

Pursuant to Fed. R. Civ. P. 55(b)(2), the Government now requests that the Court enter a Default Judgment of Forfeiture as to all persons and entities with respect to the Defendant Properties, other than Ms. Johnson whose claim was resolved pursuant to the terms of a settlement agreement. See United States v. 15 Trimont Lake Road, No. 2:10-cv-16, 2011 WL 309921 (W.D.N.C. Jan. 28, 2011) (entering Default Judgment of Forfeiture

as to all other persons and entities when a claimant entered into settlement agreement).

After careful review, the Court finds that the Government's motion should be granted. Accordingly, **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Government's Motion for Default Judgment of Forfeiture [Doc. 17] is hereby **GRANTED**, and judgment is entered in favor of the United States against all persons and entities with respect to the Defendant Currency other than Ms. Johnson, whose claim to the Defendant Currency was resolved pursuant to the terms of a settlement agreement.

2. With the exception of the amount to be returned to Ms. Johnson under the terms of the settlement agreement, any right, title and interest of all other persons and entities to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist.

3. The United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law, consistent with the terms of the settlement agreement with Ms. Johnson.

**IT IS SO ORDERED.**

Signed: June 22, 2022

Martin Reidinger
Chief United States District Judge

3

Case 1:19-cv-00061-MR-WCM   Document 20   Filed 06/22/22   Page 3 of 3